# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| BRYAN W.,[1] | : | Case No. 1:22-cv-00281 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff filed an application for Disability Insurance Benefits in July 2019. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. Defendant Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

**REVERSES** the Commissioner's decision and **REMANDS** this matter for further proceedings.

## I. BACKGROUND

Plaintiff asserts that he has been under a disability since January 1, 2017. At that time, Plaintiff was fifty-nine years old. Accordingly, Plaintiff was considered a "person of advanced age" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(e). Plaintiff has a high-school education. *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 7-1 to 7-7) is summarized in the ALJ's decision (*id.* at PageID 37), Plaintiff's Statement of Errors ("SE," Doc. No. 8), and the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 9). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## II. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). *See* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). *See also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry – reviewing the correctness of the ALJ's legal criteria – may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id.* (internal citations omitted). Such an error of law requires reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal citations omitted).

### III.  FACTS

#### A.  The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

> Step 1:  Plaintiff did not engage in substantial gainful activity between the alleged onset date of January 1, 2017 and the date last insured.
>
> Step 2:  Through the date last insured, Plaintiff did not have a severe impairment.
>
> Step 3:  Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4:  Through the date last insured, Plaintiff's residual functional capacity, or the most he could do despite his impairments, *see*

4

>*Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of medium work as defined in 20 C.F.R. § 404.1567(c), subject to the following exceptions: Plaintiff could frequently climb ramps and stairs; could never climb ladders, ropes, and scaffolds; could frequently balance; and must entirely avoid dangerous machinery and unprotected heights.
>
>Through the date last insured, Plaintiff was unable to perform any of his past relevant work.
>
>Step 5:  Considering his age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff can perform.

(AR, Doc. No. 7-2, PageID 19-25.) These findings led the ALJ to conclude that Plaintiff did not meet the definition of disability and therefore was not entitled to benefits. (*Id.* at PageID 25.)

### B. Medical Evidence

The record before the ALJ contained records from several medical professionals, including treating provider Tonia Lower, CNP (AR, Doc. No. 7-7, PageID 386-95) and state agency medical consultants Gerald Klyop, MD and Dimitri Teague, MD (AR, Doc. No. 7-3 at PageID 71-82).

Certified Nurse Practitioner Lower completed a Medical Source Statement form ("Source Statement Form," Doc. No. 7-7, PageID 386-91) in which she identified several limitations. CNP Lower opined that Plaintiff could frequently lift six to ten pounds, occasionally lift eleven to twenty pounds and rarely lift twenty-one to fifty pounds; could occasionally reach with right hand and arm, frequently reach with left hand and arm, and constantly finger/handle with both hands; and could stand/walk for twenty minutes at a time, and sit for sixty minutes at a time with repositioning. (AR, Doc. No. 7-7, PageID

5

386-87.) CNP Lower explained that she based the postural limitations upon Plaintiff's peripheral neuropathy. (*Id*. at PageID 387.) She explained that Plaintiff's endurance was decreased because of chronic atrial fibrillation. (*Id*.) She opined that Plaintiff would likely be absent from work at least two days per month due to his medical conditions, which included diplopia, peripheral neuropathy, chronic atrial fibrillation, anticoagulated on warfarin; and dizziness. (*Id*.) She opined that Plaintiff would be mildly impaired in his ability to work at a consistent pace and without being distracted by others. (*Id*. at PageID 390.) She explained that these limitations "would be secondary to dizziness and vision problems." (*Id*. at PageID 391.) The ALJ concluded that CNP Lower's opinions were unsupported and not "consistent with the objective evidence" because she "did not list objective findings to support her conclusions." (AR, Doc. No. 7-2, PageID 44.)

      Plaintiff's file was reviewed by state agency medical consultants Dr. Gerald Klyop and Dr. Dimitri Teague. Dr. Klyop found that "the evidence prior to 12/17 is insufficient to assess [Plaintiff's alleged impairments]" and concluded that "[t]here is insufficient evidence to evaluate [Plaintiff's] claim." (AR, Doc. No. 7-3, PageID 75.) Dr. Teague also concluded that "there is insufficient evidence to make a disability determination." (*Id*. at PageID 80.) The ALJ found these opinions persuasive although he conceded that they are "not supported by cited objective findings," reasoning that these opinions nevertheless "are consistent with the evidence." (AR, Doc. No. 7-2, PageID 44.)

6

### IV. LAW AND ANALYSIS

#### A. Plaintiff's Assignment of Error

The sole issue raised in Plaintiff's Statement of Errors is that the ALJ's evaluation of CNP Lower's opinion did not comply with the articulation requirement set forth in 20 C.F.R. § 404.1520c(b)(2). (Doc. No. 8, PageID 423.) Specifically, Plaintiff argues that the ALJ's required discussion of the supportability and consistency factors was "cursory" and "dismiss[ive]." (*Id*. at PageID 423-24 & 427-28).

In response, Defendant argues that the ALJ's evaluation of CNP Lower's opinion was "well within the zone of reasonable choices." (Mem. in Opp., Doc. No. 9, PageID 441 (quoting *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006))). Defendant characterizes Plaintiff's argument as "nothing more than a disagreement with how the ALJ evaluated differing medical opinions." (*Id*. at PageID 435.)

As explained below, the Court agrees with Plaintiff and concludes that the ALJ reversibly erred by failing to assess the supportability and consistency of CNP Lower's opinion in the manner required by the applicable regulation.

#### B. Applicable Law

ALJs are required to analyze the persuasiveness of "*all* of the medical opinions" in the record. 20 C.F.R. § 404.1520c (emphasis added). A "medical opinion" is a "statement from a medical source about what [an individual] can still do despite [his] impairment(s)" and whether the individual has one or more impairment-related limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). By contrast, a statement from a medical source about an

7

issue reserved to the Commissioner—such as whether an individual is disabled—need not be addressed by the ALJ. 20 C.F.R. § 404.1520b(c)(3).

Because Plaintiff filed his claim after March 27, 2017, the new regulations for evaluating medical opinion evidence applied. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

The first two factors—supportability and consistency—are the "most important." 20 C.F.R. § 404.1520c(b)(2). As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2). In other words, supportability addresses whether a medical professional has sufficient justification for their *own* conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.). Consistency, by contrast, requires the ALJ to

8

compare the medical opinion at issue to "*other* medical and nonmedical sources." *Ford v. Comm'r of Soc. Sec.*, No. 1:22-CV-00524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023).

Because they are the most important factors, the ALJ is required not only to consider the supportability and consistency of all medical opinions in the record, but also to "explain *how* he or she considered them."[2] *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 2009135, at *5 (S.D. Ohio Feb. 15, 2023) (Gentry, M.J.) (citing to 20 C.F.R. § 404.1520c(b)(2) (internal punctuation omitted and emphasis added)). No "specific level of detail" is required, as "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-03834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (Bowman, M.J.) (internal citations omitted). Thus, ALJs need not use "magic words or any specific phrasing" to comply with the applicable regulation. *Id*.

Nevertheless, an ALJ is required "to show his or her work." *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022) (Silvain, M.J.) (internal citation omitted). Thus, "[t]his Court cannot uphold an ALJ's decision, even if there if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (cleaned up) (internal quotations and citation omitted). *See also Danyel P. v.*

---

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

9

*Comm'r of Soc. Sec.*, No. 2:21-CV-02405, 2022 WL 1514170, at *6 (S.D. Ohio May 13, 2022) (Preston Deavers, M.J.) (ALJ's "inexplicable and illogical consistency" warranted remand); *Kimberly S. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00310, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022) (Silvain, M.J.) (ALJs must "provide a coherent explanation of [their] reasoning . . . in order to provide sufficient rationale for a reviewing adjudicator or court"); *Hardiman v. Comm'r of Soc. Sec.*, No. 2:12-CV-00508, 2013 WL 3762266, at *5 (S.D. Ohio July 16, 2013) (Preston Deavers, M.J.) (remanding case on the ground that "the ALJ's decision is internally inconsistent and incomplete").

### C.    The ALJ Reversibly Erred In His Analysis Of CNP Lower's Opinion.

Plaintiff argues that the ALJ "failed to properly evaluate" the supportability and consistency of CNP Lower's opinion and instead discussed these two factors in an impermissibly cursory manner. (SE, Doc. No. 8, PageID 427.) The Court agrees.

#### 1.    *The ALJ's consistency analysis was deficient*

With regard to the consistency factor, Plaintiff contends that the ALJ erred by failing to compare CNP Lower's opinion with treatment notes by Asimul Haq Ansari, M.D.[3] (SE, Doc. No. 8, PageID 427.) Plaintiff correctly notes that when analyzing CNP Lower's opinion, "the ALJ did not articulate that Dr. Ansari's findings were different, similar, or even existed." (SE, Doc. No. 8, PageID 428.) The ALJ instead incorrectly cited CNP Lower's treatment notes, which go to the supportability of her opinion rather

---

[3] Plaintiff saw Dr. Ansari, a cardiologist, on two occasions during the relevant period. On January 5, 2017, Plaintiff complained of general fatigue but the examination was otherwise unremarkable. (AR, Doc. No. 7-7, PageID 405.) During a follow-up visit on July 5, 2017, Plaintiff complained of shortness of breath, dizziness, and edema and reported that he had been prescribed glasses with prisms by an optometrist but was still experiencing "intermittent problems" with balance. (*Id*. at PageID 401.) Plaintiff also reported that he was still experiencing fatigue. (*Id*.)

10

than its consistency with evidence from other sources. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio 2022) (Preston Deavers, M.J.). The ALJ also confusingly found the State agency consultants' opinions to be "more persuasive" than CNP Lower's opinion because they were "consistent with the evidence," which is inexplicable since the consultants opined that the record contains insufficient evidence to evaluate Plaintiff's claim. (AR, Doc. No. 7-2, PageID 44).

Thus, the ALJ essentially concluded that CNP Lower's opinion was not "consistent with the objective evidence." This "[s]ingle conclusory phrase" does not constitute the "explanation" required by 20 C.F.R. § 404.1520c(b)(2). *Andrew M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00906, 2022 WL 683457, at *5 (S.D. Ohio 2022) (Bowman, M.J.). The ALJ was required to at least "[make an] effort to 'show [his] work' by identifying *specific record evidence* that explained why [CNP Lower's] opinion was not supported by, and consistent with, the medical evidence." *Heather B. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00442, 2022 WL 3445856, at *3 (S.D. Ohio 2022) (Newman, D.J.) (internal citation omitted and emphasis added). The ALJ's failure to meet the "minimum levels of articulation" required by 20 C.F.R. § 404.1520c(b)(2) "frustrates the [C]ourt's ability to determine whether [Plaintiff's] disability determination was supported by substantial evidence." *Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio 2022) (Preston Deavers, M.J.) (cleaned up) (citing to *Vaughn v. Comm'r of Soc. Sec.*, 2021 WL 3056108, at *11 (W.D. Tenn. 2021)).

### 2. *The ALJ's supportability analysis was deficient*

Although it contained more substance than the ALJ's consistency analysis, the ALJ's supportability analysis similarly failed to provide "an accurate and logical bridge between the evidence and the result." *Fleischer*, 774 F. Supp. 2d at 877.

CNP Lower based her opinion upon Plaintiff's diagnosed conditions of diplopia, peripheral neuropathy, chronic atrial fibrillation, anticoagulated on warfarin; and dizziness. (AR 7-7 at PageID 391.) The ALJ largely ignored these conditions and instead focused on Plaintiff's edema, which CNP Lower did not rely upon. (AR 7-2, PageID 44.) The ALJ acknowledged Plaintiff's irregular heart rhythm and an ECG that showed atrial fibrillation with a "controlled v" (i.e., controlled ventricular) response, but did not further discuss that diagnosis or explain why these facts did not support CNP Lower's opinion. Finally, the ALJ did not consider whether CNP Lower's records regarding Plaintiff's diplopia, peripheral neuropathy, or dizziness supported her opinion. The ALJ's failure to discuss the conditions that CNP Lower relied upon to form her opinion constitutes a failure to explain his conclusion regarding supportability, as required by the regulation.

### 3. *The ALJ's errors were not harmless*

The Sixth Circuit has not addressed the circumstances under which an ALJ's failure to explain his consideration of the supportability and consistency factors, as required by 20 C.F.R. § 404.1520c(b)(2), is harmless error. However, following the practice of other courts, *see Musolff v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 88910, *39 (N.D. Ohio Apr. 27, 2022) (collecting cases), this Court has applied the test

12

set forth in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004). *E.g.*, *Jason M. v. Comm'r of Soc. Sec.*, 3:21-CV-00272, 2022 WL 4591305 (Gentry, M.J. 2022).

Under the *Wilson* test, an ALJ's failure to adequately explain his consideration of the supportability and consistency factors when determining the persuasiveness of a medical opinion can be excused as harmless error only if: (1) the medical opinion is patently deficient; (2) the ALJ adopted the medical opinion or made findings consistent with the opinion; or (3) the goal of the regulation was otherwise met. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Such an error cannot be excused as harmless for other reasons, including where substantial evidence in the record may support the ALJ's conclusion regarding the persuasiveness (or lack thereof) of the medical opinion. *Id*. at 546. *See Andrew M. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-906, 2022 U.S. Dist. LEXIS 40323, *17-18 (S.D. Ohio Mar. 8, 2022) (Bowman, M.J.) (failure to comply with the articulation requirement in Section 404.1520c(b)(2) was not harmless error where evidence in the record could have supported the rejected medical opinions); *Miles v. Comm'r of Soc. Sec.*, Case No. 3:20-cv-410, 2021 U.S. Dist. LEXIS 202840, *12 (S.D. Ohio Oct. 21, 2021) (Silvain, M.J.) (violation of the articulation requirement in Section 404.1520c(b)(2) required reversal and "the Commissioner's *post hoc* rationalization of how [the] ALJ could have applied the factors … does not cure this deficiency").

Here, the first prong of the *Wilson* test is not met because CNP Lower's Source Statement Form was not patently deficient. It is true that "[m]any courts have recognized that administrative law judges may properly give little weight to a . . . check-off form of

functional limitations that d[oes] not cite clinical test results, observations, or other objective findings." *Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 353 (6th Cir. 2020). But this Court has "decline[d] to embrace a blanket rule that use of a 'check box' form renders harmless an ALJ's failure to discuss supportability." *Andrew M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00906, 2022 WL 683457, at *13 (S.D. Ohio 2022) (Bowman, M.J.). As noted, although CNP Lower checked boxes on the Source Statement Form, she also included handwritten notes that related her conclusions to her clinical findings.[4] This is not the kind of "check-box worksheet lacking any explanation beyond a diagnosis," *Marks v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 20220, at *26 (N.D. Ohio 2018), that "the Commissioner could not possibly credit," *Denham v. Comm'r of Soc. Sec.*, No. 2:15-CV-02425, 2016 WL 4500713, at *3 (S.D. Ohio 2016) (Graham, D.J.). *See also Andrew M.*, 2022 WL 683457, at n. 6 ("Physicians frequently employ check-box forms. However, many of the forms contain either narrative sections or references to diagnoses, testing, or other supporting evidence that offer at least some support for the opinions expressed therein.") Therefore, CNP Lower's opinion was not so patently deficient that the ALJ's failure to properly evaluate that opinion was necessarily harmless.

The second prong of the *Wilson* test is not met because the ALJ neither adopted CNP Lower's opinion nor made findings consistent with that opinion. To the contrary, the ALJ erred by summarily dismissing her opinion. (AR, Doc. No. 7-2, PageID 44).

---

[4] For example, next to a box in which she indicated that Plaintiff could stand for twenty minutes at a time, CNP Lower wrote "due to peripheral neuropathy." (AR, Doc. No. 7-7, PageID 387.) On the same page, CNP Lower wrote "increased risk for injury due to dizziness ↓ [sic] endurance due to chronic Afib." (*Id*.) When prompted to "note any other work[-]related limitations," CNP Lower wrote "limitations in concentration and mental ability to perform activity would be secondary to dizziness & vision problems." (*Id*. at PageID 391.)

Finally, the third prong of the *Wilson* test is also not met. "[T]he articulation requirements are meant to allow the reviewing court the opportunity to trace the ALJ's reasoning and assess its validity, as well as to allow the claimant the ability to understand why the ALJ reached the decision they did." *Sparks v. Kijakazi*, 2022 WL 4546346, at *12 (E.D. Tenn. 2022). *See also, e.g.*, *Zirker v. Comm'r of Soc. Sec.*, 2023 WL 2301998, at *4 (E.D. Mich. 2023). As detailed above, the ALJ's decision does not adequately explain why the ALJ determined that CNP Lower's opinion was unpersuasive.

In sum, the ALJ's errors in analyzing the supportability and consistency of CNP Lower's opinion were not harmless, and his decision must be reversed and remanded.

## V. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545–47 (6th Cir. 2004); failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 725-26 (6th Cir. 2014); or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d 234, 249 (6th Cir. 2007).

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 410 (6th Cir. 2009); *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Id*. at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ shall evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted. The ALJ must sufficiently develop the record as herein indicated, taking particular care to *thoroughly explain* the manner in which his analysis complied with SSA regulations and to "include a discussion of findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record". *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (internal citations omitted).

## VI. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Statement of Errors (Doc. No. 8) is **GRANTED**;

2. The Commissioner's non-disability determination is **REVERSED**;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

/s/ *Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge